# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIA PIAZZA D'ORO, LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>OUDREE ELLIS-SANDERS, and STORMI SANDERS,<br><br>                          Defendants. | Case No.: 3:24-cv-00407-RBM-AHG<br><br>**ORDER:**<br><br>**(1) REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>**(2) DENYING DEFENDANTS' MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT; AND**<br><br>**(3) DENYING DEFENDANTS' MOTION TO APPOINT COUNSEL AS MOOT**<br><br>**[Docs. 2–3]** |

On February 29, 2024, Defendants Oudree Ellis-Sanders and Stormi Sanders (collectively, "Defendants"), proceeding *pro se*, filed a Notice of Removal of Case No. 37-2023-00015923-CU-UD-CTL ("Notice of Removal"), which was initiated in the Superior Court of the State of California, County of San Diego ("Superior Court"). (Doc. 1.) On

the same date, Defendants also filed a motion for leave to proceed in forma pauperis ("IFP Motion") (Doc. 2) and a motion to appoint counsel ("Appointment Motion") (Doc. 3).

For the reasons discussed below, the Court **REMANDS** this action to the Superior Court and **DENIES** Defendant's IFP and Appointment Motions (Docs. 2–3) as moot.

## I. BACKGROUND

Plaintiff Guardia Plazza D'Oro, LLC ("Plaintiff") initiated this action by filing an unlawful detainer action for residential real property against Defendants in the Superior Court ("Underlying Action") on April 17, 2023. (Doc. 1-2 at 2–5.)[1] In the Underlying Action, Plaintiff seeks possession of their property located in Oceanside, California (the "Property"), unpaid rent from Defendants in the amount of $29,419.38, reasonable attorney's fees, and forfeiture of the agreement. (*Id.* at 5.)[2]

On February 29, 2024, Defendants filed a Notice of Removal. (Doc. 1.) In the Notice of Removal, Defendants explain the Court has subject matter jurisdiction over this matter pursuant to federal question jurisdiction due to Defendants' claims under:

> 42 U.S.C. 3601-19; The Fair Housing Act ("FHA"); Title VIII of the Civil Rights Act of 1968; that law prohibits discrimination because of national origin, race, color, sex, religion, disability or familial status in housing. Violation of Title 24 Code of Federal Regulations 982.310(b); California's Fair Employment and Housing Act ("FEHA"); Fourteenth Amendment Due Process Clause; 42 U.S. Code § 3604; Federal Fair Housing Act; The Unruh Civil Rights Act, Civil Code§ 51; California Government Codes §§ 12921(b) and 12955(a)(d)(f)(g)(m)(p).

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

[2] There appears to be a dispute as to whether Defendant Ellis-Sanders was properly served a copy of the summons and complaint in the Underlying Action. (Doc. 1 at 2–3, 12–14.) The Superior Court entered a default judgment against Defendant Ellis-Sanders on July 7, 2023, and later granted Defendant Ellis-Sanders' subsequent motion to vacate default and default judgment. (Doc. 1-2 at 37–38, 43–53, 101–102.) Defendant Ellis-Sanders subsequently filed their Answer on November 6, 2023. (*Id.* at 105.) The Court need not address this dispute as it is not necessary to address Defendants' removal of this unlawful detainer action.

(Doc. 1 at 4, 5–10, 15.)  In the Civil Cover Sheet, Defendants list their basis for jurisdiction as federal question jurisdiction and that all parties reside in San Diego, California.  (Doc. 1-1.)

## II.  LEGAL STANDARD

Congress has authorized a defendant to remove a civil action from state court to federal court.  28 U.S.C. § 1441.  However, the removing party "always has the burden of establishing that removal was proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *see Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*, 400 F. Supp. 3d 998, 1001 (E.D. Cal. 2019), *aff'd,* 38 F.4th 68 (9th Cir. 2022) ("Lack of subject matter jurisdiction may [] be raised by the district court *sua sponte*.") (italics added); *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("[C]hallenges to subject-matter jurisdiction may be . . . 'at any point in the litigation,' and courts must consider them *sua sponte*.") (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)).  Here, the Court considers *sua sponte* whether it has subject matter jurisdiction.

Moreover, there is a strong presumption against removal jurisdiction.  *Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (quoting *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).  Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand.  *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.  DISCUSSION

Defendants do not assert diversity jurisdiction as their basis for this Court's jurisdiction.  Thus, the Court solely addresses federal question jurisdiction.

District courts have original jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).

The Court notes "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense . . . or rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 49 (2009). Rather, "the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

Here, the Court finds there is no federal question jurisdiction because the Underlying Action invokes an unlawful detainer proceeding pursuant to California law. (*See* Doc. 1-2); *see also Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."); *see also U.S. Bank Nat'l Ass'n v. Bilbaeno*, No. C–12–01707, 2012 WL 3987317, at * 1 (N.D. Cal. Sept. 7, 2012) (finding that an unlawful-detainer claim *not* based upon any federal statute cannot establish federal-question jurisdiction). While Defendants' Notice of Removal lists various federal causes of action (*see* Doc. 1 at 4), they are not asserted by *Plaintiff* in Plaintiff's Complaint. *See Am. Vantage Companies v. Table Mountain Rancheria*, 103 Cal. App. 4th 590, 595 (2002) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint.")  Therefore, the Court lacks federal question jurisdiction.

### IV.    CONCLUSION

For the foregoing reasons, it appears the Court lacks subject matter jurisdiction over this action and removal was improper.  Therefore, pursuant to 28 U.S.C. § 1447(c), the Court **REMANDS** this action to the Superior Court and **DENIES** Defendants' IFP and Appointment Motions as moot.

**IT IS SO ORDERED**.

DATE:  March 6, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE