1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | GUARDIA PIAZZA D'ORO, LLC,

Case No.: 3:24-cv-00407-RBM-AHG

12 |                                   Plaintiff,

**ORDER DENYING DEFENDANTS'**
**EMERGENCY MOTION FOR STAY**
**OR INJUNCTION PENDING**
**APPEAL**

13 | v.

14 | OUDREE ELLIS-SANDERS, and
STORMI SANDERS,

15 |                                   Defendants.

**[Doc. 8]**

16
17
18

On March 13, 2024, Defendants Oudree Ellis-Sanders and Stormi Sanders
(collectively, "Defendants"), proceeding *pro se*, filed a motion for stay or injunction
pending appeal ("Motion to Stay/Enjoin"). (Doc. 8.) The Court finds this matter suitable
for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the
reasons set forth below, Defendants' Motion to Stay/Enjoin is **DENIED**.

### I.   PROCEDURAL BACKGROUND

On March 6, 2024, this Court remanded this case to state court for lack of subject
matter jurisdiction and denied the Defendants' motion to proceed in forma pauperis and
motion to appoint counsel as moot. (Doc. 5.) On March 13, 2024, Defendants filed a
notice of appeal of the Court's Order in the Ninth Circuit Court of Appeals. (Doc. 7.)

1

On March 13, 2024, Defendants filed the instant Motion to Stay/Enjoin.  (Doc. 8.) In that Motion, Defendants move for a stay of the Court's March 6, 2024 Order under Federal Rule of Civil Procedure 62(c) or an injunction pending appeal.  (*Id.* at 1.)[1] Defendants state, "[i]f such relief is not granted the Plaintiff[] will continue to seek an unlawful and unconstitutional eviction where the Defendants['] right to due process has already been violated by not only the Plaintiff[']s attorneys but the Superior Court as well. Federal question [jurisdiction] does exist in this case and an eviction cannot be granted on the basis o[f] housing discrimination."  (*Id.* at 2.)  Defendants contend "a stay and/or injunction is necessary to prevent a discriminatory eviction from occurring which would cause irreparable harm to the Defendants and a miscarriage of justice to occur.  The Plaintiff[], their attorneys and their employee Ryan Norris committed fraud, falsified documents and committed perjury while the Plaintiff[] filed the unlawful detainer action in superior court under false pretenses when they refused the rental assistance offered to them." (*Id.* at 4.)

Defendants assert there is a likelihood of success on the merits because they are pursuing "challenging, serious legal questions that present a need for a more deliberative investigation."  (*Id.* at 5 (quotation marks and citation omitted).)  Defendants assert there is irreparably harm because if Defendants lose their home before appellate review the status quo can never be restored.  (*Id.* at 6.)[2]  Defendants assert the requested relief will not substantially injure Plaintiff or harm the public interest because "[f]irst, the Plaintiff[] refused to accept the Defendants['] section 8 rental assistance therefore discriminating against her and treating her differently than other tenants so they were not concerned about the financial repercussions or rental loss." (*Id.*)  "Secondly there is always a strong public interest in cases involving constitutional rights and housing rights or housing discrimination given the housing crisis in the state of California and in many other states."

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.
[2] The Court notes that the full quote cited by Defendants appears nowhere in the two cases cited.

(*Id.* at 6–7.)  "Lastly there is a serious housing shortage in the state of California and if this stay is not granted the Defendants would be homeless with no home to go to.  Defendant Oudree Ellis-Sanders and her minor daughter are both persons with disabilities and Oudree Ellis-Sanders has serious health problems that would put her at greater risk of death and susceptible to viruses that would complicate her health problems."  (*Id.* at 7.)   In Defendants' proposed order, they request a stay of proceedings pending appeal of the Court's March 6, 2024 Order and a temporary preliminary injunction preventing Defendants from unlawful eviction.  (*Id.* at 9.)

## II.   DISCUSSION

### A. Stay

The issuance of a stay pending appeal is "an exercise of judicial discretion" "dependent upon the circumstances of the particular case."  *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (internal quotation marks and citations omitted).  The Court analyzes four factors: (1) whether the party requesting the stay has made a strong showing that it is likely to succeed on the merits; (2) whether the requesting party will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Id.* at 1203 (internal quotation marks and citations omitted).  Alternatively, for the first two factors, the moving party "must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor."  *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)).

Defendants have shown irreparable injury.  "A wrongful eviction may give rise to irreparable injury, and in the Ninth Circuit, 'it is well-established that the loss of an interest in real property constitutes an irreparable injury.'"  *Johnson v. Macy*, No. CV 15–7165, 2015 WL 7351538, at *8 (C.D. Cal. Nov. 16, 2015) (quoting *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2011)).  Here,

Defendants assert there is irreparable harm because, if Defendants lose their home before appellate review, the status quo can never be restored.  (Doc. 8 at 6.)

However, Defendants have not shown a likelihood of success on the merits, nor have they presented serious legal questions for the Ninth Circuit to resolve.  *See U.S. Bank Nat'l Ass'n v. Azam*, 582 F. App'x 710, 710–11 (9th Cir. 2014) (ruling district court properly *sua sponte* remanded defendant's unlawful detainer action to state court because "even assuming that the prosecution of the unlawful detainer action violated Azam's right to racial equality as a Persian–American, Azam failed to establish that the state court could not enforce this right because a California statute or a constitutional provision purported to command the state court to ignore her federal civil rights."); *see also Griffin v. Harrington*, No. CV 10-08753-VBF-SP, 2013 WL 3873958, at *2 (C.D. Cal. Jan. 18, 2013) (explaining substantial legal questions include a genuine matter of first impression in the Ninth Circuit, or new Supreme Court or Ninth Circuit precedent changing the law or that are inconsistent with the court's reasoning).

Accordingly, the Court need not reach the remaining factors and the Defendants' request for a stay pending appeal is **<u>DENIED</u>**.

**B.  Anti-Injunction Act**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).  However, where the balance of hardships tips sharply in the plaintiff's favor and the plaintiff has demonstrated a likelihood of irreparable harm, the plaintiff need only show that "serious questions" exist as to success on the merits.  *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).  "A preliminary injunction is an 'extraordinary and drastic remedy' ... it is never awarded as of right."  *Munaf v. Geren*, 553 U.S. 674, 689–90 (2007) (citations omitted).

The Anti-Injunction Act "prevents a federal court from enjoining the 'proceedings

in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Sandpiper Village Condo. Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005) (quoting 28 U.S.C. § 2283).  "Rooted firmly in constitutional principles, the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances."  *Id.*  "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."  *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

Although Defendants do not specifically request an injunction to stay the state court unlawful detainer action, the requested injunction to prevent enforcement of the state court judgment would do precisely that.  *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (the Anti-Injunction Act "extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments.  An injunction may not be used to evade the dictates of the Act if the injunction effectively blocks a state court judgment.") (citing *Atlantic Coast Line R.R. Co.*, 398 U.S. at 287–88).  Defendants fail to address whether any of the three exceptions under the Anti-Injunction Act apply to an unlawful detainer action in state court.  In any event, the Court finds that none of those exceptions apply.  *See Abrams v. Planet Home Lending, LLC*, Case No. CV 22-8052-MWF (E), 2023 WL 4247188, at *2 (C.D. Cal. May 1, 2023) (finding none of the Anti-Injunction Act exceptions apply to a state court unlawful detainer action); *Tachiquin v. HSBC Bank USA*, Civil No. 12cv2712 AJB (RBB), 2012 WL 5512546, at *2 (S.D. Cal. Nov. 14, 2012) (same); *Burnett v. Sec. Inv. Grp. LLC*, Case No. EDCV 12-01884 VAP (OPx), 2012 WL 12878616, at *1 (C.D. Cal. Nov. 9, 2012) (same).

Accordingly, the Court **<u>DENIES</u>** Defendants' request for a preliminary injunction to prevent enforcement of the state court judgment in the unlawful detainer proceeding.

///

///

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay/Enjoin is **DENIED**.

**IT IS SO ORDERED**.

DATE:  March 29, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE